IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT BIAGAS,

    Petitioner,               No. CIV S-09-1022 GGH P

   vs.

JAMES WALKER, Warden,

    Respondent.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner sets forth in his petition that he is challenging a 1995 conviction in Alameda County for which he was sentenced to a term of 30 years to life. He also states that he is challenging a subsequent Sacramento County judgment and includes a copy of a reporter's transcript of an October 11, 2005, preliminary hearing in Sacramento County for a charge of a violation of Cal. Penal Code § 4502, possession of a weapon while confined at a penal

institution. Petition, pp. 36-54. Petitioner is foreclosed from challenging two state court judgments in one petition. See Rule 2(e) of the Rules Governing Section 2254 Cases ("[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.")

To the extent that petitioner may be seeking to challenge a Sacramento County conviction and sentence, petitioner fails to make that clear, omitting to set forth the date of conviction and sentence and to clearly state his grounds for any such challenge and to demonstrate that he has exhausted state court remedies as to each ground he might seek to proceed upon in this court.[1]

To the extent that he might still seek to challenge his 1995 conviction in Alameda County at this late date, petitioner would need to proceed by way of a separate application filed in the Northern District, where any and all witnesses and evidence necessary for the resolution of petitioner's application would be more readily available. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15, 93 S. Ct. 1123; 28 U.S.C. § 2241(d). Particularly with regard to his 1995 Alameda County Court conviction, however, petitioner should be cognizant of the one year statute of limitations period for filing non-capital habeas corpus petitions in federal court. 28 U.S.C. § 2244(d). Moreover, petitioner is cautioned as to the 1995 conviction:

> [O]nce a state court conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.

Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403, 121 S. Ct. 1567, 1574 (2001).

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Regardless, this petition will be dismissed but petitioner will be granted leave to amend within thirty days. In doing so, petitioner must set forth, as noted above, the date of the Sacramento County conviction and sentence he challenges as well as the grounds of his challenge and must show that he has exhausted state court remedies as to each ground. Failure to comply with this order will result in dismissal of (or a recommendation of dismissal of) this action. Fed. R. Civ. 41(b); L.R. 11-110.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. The petition is dismissed with leave to amend within thirty days; failure to comply with this order will result in dismissal of this action; and

3. The Clerk of the Court shall provide petitioner with a copy of the habeas petition form appropriate for this district.

DATED: April 28, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
biag1022.ord