IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT BIAGAS,

    Petitioner,                   No. CIV S-09-1022 GGH P

    vs.

JAMES WALKER, Warden,

    Respondent.               ORDER

_____/

        By <u>Order,</u> filed on April 28, 2009, petitioner's application was dismissed and thirty days' leave to file an amended petition was granted. Within that order (docket # 4), petitioner was informed that he was foreclosed from challenging two state court judgments in one petition; the court made clear that if he sought to challenge a 1995 Alameda County conviction (for which he apparently received a 30-year-to-life sentence), that he would need to proceed on a separate application in the Northern District and, as to that conviction, was cautioned with regard to the AEDPA statute of limitations. He was further directed, with regard to a subsequent Sacramento County judgment (that may have occurred some time in 2005 or 2006) involving a violation of Cal. Penal Code § 4502, possession of a weapon while in prison, to set forth in an amended petition, the date of the challenged Sacramento County conviction and sentence and the grounds for any such challenge. The requirement of exhaustion of state court remedies was also noted.

On May 20, 2009, petitioner filed his consent to the jurisdiction of the undersigned (docket #6). Petitioner was granted an extension of time to filed an amended petition by <u>Order</u>, filed on July 10, 2009; his request for appointment of counsel was denied without prejudice. In that order (docket # 9), it was noted that petitioner's filings subsequent to the April 28, 2009, <u>Order</u>, were not responsive to it. Petitioner has continued to file documents wholly unresponsive to the clear direction of the court. For example, in a declaration, filed on July 16, 2009 (docket # 10), he references having asked for a speedy trial in December of 2004, and then segues into his unspecified administrative appeals and efforts to file a civil rights action. Nowhere in his filings does petitioner set forth the judgment or conviction he seeks to challenge, when such judgment and conviction occurred or the grounds, coherently organized, for any such challenge. The time for filing an amended petition has expired. The court must now dismiss this action as petitioner appears to be unable or unwilling to comply with court orders, and he has been provided ample opportunity to do so. <u>See</u> Local Rule 11-110; Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed.

DATED: August 31, 2009

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
biag1022.fta

2